1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

*Attorneys for Plaintiff and the Proposed Classes*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| MAXX LYMAN, individually and on behalf of all others similarly situated, | : : CIVIL ACTION FILE NO. |
| Plaintiff, | : : : |
| v. | : **COMPLAINT – CLASS ACTION** : |
| QUINSTREET, INC. | : : **JURY TRIAL DEMANDED** |
| Defendant. | : : |
| _____/ | : |

Plaintiff Maxx Lyman individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.      This case involves a campaign by Quinstreet, Inc. ("Quinstreet") who made telemarketing calls to market its services through telemarketing calls by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2.      The recipients of Quinstreet's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by

Quinstreet makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

3.      Plaintiff Maxx Lyman (hereinafter referred to as "Plaintiff" or "Mr. Lyman"), is an individual.

4.      Defendant Quinstreet, Inc. is a corporation headquartered in this District.

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court also has supplemental jurisdiction over the state law claims.

6.      This Court has general jurisdiction over Quinstreet because the company is headquartered in this District.

7.      Venue is proper pursuant to 28 U.S.C. § 1391 because Quinstreet is headquartered in this District.

## TCPA BACKGROUND

The National Do Not Call Registry

8.      The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

9.      The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

10.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

### **FACTUAL ALLEGATIONS**

11.     Defendant Quinstreet is a "person" as the term is defined by 47 U.S.C. § 153(39).

12.     Plaintiff's telephone number, 617-512-XXXX, is a residential telephone number.

13.     That number is used for residential purposes and is used for personal purposes.

14.     That number is not associated with a business.

15.     The Plaintiff registered his number on the National Do Not Call Registry in 2005.

16.     Despite this, the Plaintiff received telemarketing calls from Quinstreet to attempt to sell insurance services, including calls and text messages on at least August 31, 2023.

17.     Both calls were from the Caller ID (617) 826-1969.

18.     Other individuals have complained about getting calls from that number. *See* https://800notes.com/Phone.aspx/1-617-826-1969.

19.     Quinstreet also used technology to make the call appear like it was coming local to Mr. Lyman's area code, which is further indicative of the *en masse* calling.

20.     Quinstreet also sent the plaintiff the following text message:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23



24    21.    All of the calls were sent as part of Quinstreet's insurance services solicitation.

25    22.    A call back to this number indicated that the number is owned by insurance.com,

26    a website owned and operated by Quinstreet, Inc.

27    23.    The calls were not necessitated by an emergency.

28

- 4 -

24.     Prior to the filing of this lawsuit, the Plaintiff wrote to the Defendant regarding the telemarketing conduct.

25.     The Defendant did not deny that they made the calls.

26.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following classes:

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Quinstreet (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

28.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

29.     Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

30.     Based on the automated nature of calling campaign, there are likely hundreds of class members. Individual joinder of these persons is impracticable.

31.     There are questions of law and fact common to Plaintiff and the proposed classes, including:

(i)     Whether the Defendant contacted numbers on the National Do Not Call Registry;

(ii)     Whether the Defendant made such calls with express written consent; and

(iii)     Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

32.     Plaintiff's claims are based on the same facts and legal theories as class members' claims, and therefore are typical of the class members' claims.

33.     Plaintiff is an adequate representative of the class because his interests do not conflict with the class's interests, he will fairly and adequately protect the class's interests, and he is represented by counsel skilled and experienced in litigating class actions.

34.     The Defendant's actions are applicable to the class and to Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violation of 47 U.S.C. § 227**
**On Behalf of Plaintiff and the National Do Not Call Registry Class**

35.     The above allegations of the foregoing paragraphs are repeated and realleged herein as if set forth herein.

36.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

37.    The Defendant's violations were negligent, willful, or knowing.

38.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

39.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## **PRAYER FOR RELIEF**

Plaintiff requests the following relief:

A.    That the Court certify the proposed class;

B.    That the Court appoints Plaintiff as class representative;

E.    That the Court appoint the undersigned counsel as counsel for the class;

F.    That the Court enter a judgment permanently enjoining Defendant from the conduct above;

G.    That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

H.    That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing or willful violation;

I.    That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

1

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

2

3    Dated: October 3, 2023          PLAINTIFF, individually and on behalf of all
4                                     others similarly situated,

5
                                      By: */s/ Dana Oliver*
6

7                                     Anthony Paronich, *Subject to Pro Hac Vice*
                                      **PARONICH LAW, P.C.**
8                                     350 Lincoln Street, Suite 2400
                                      Hingham, MA 02043
9                                     Tel: (617) 485-0018
                                      Fax: (508) 318-8100
10                                    anthony@paronichlaw.com

11

12                                    *Attorneys for Plaintiff and the Proposed Classes*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT.
*Lyman v. Quinstreet, Inc.*