**KELLEY DRYE & WARREN LLP**
Rebecca B. Durrant (SBN: 350444)
888 Prospect Street, Suite 200
La Jolla, CA 92037
Telephone: (858) 795-0426
Facsimile:  (212) 808-7897
rdurrant@kelleydrye.com

Damon Suden (*pro hac vice*)
James B. Saylor (*pro hac vice*)
Edwin Adlam Herod (*pro hac vice*)
3 World Trade Center
175 Greenwich St.
New York, NY 10007
Telephone: (212) 808-7800
Facsimile:  (212) 808-7897
dsuden@kelleydrye.com
jsaylor@kelleydrye.com
therod@kelleydrye.com

*Counsel for Defendant
QuinStreet, Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| MAXX LYMAN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>           v.<br><br>QUINSTREET, INC.,<br><br>                    Defendants. | Case No. 5:23-CV-5056-PCP<br><br>Assigned to Hon. P. Casey Pitts<br><br>**DEFENDANT QUINSTREET, INC.'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT**<br><br>**NOTICE OF HEARING:**<br>**10:00 am on February 29, 2024** |

**TO THE COURT AND ALL PARTIES OF RECORD:**

PLEASE TAKE NOTICE THAT at 10:00 am on February 29, 2024, in Courtroom 8 of the San Jose Division of the United States District Court for the Northern District of California, located at the Robert F. Peckham Federal Building & United States Courthouse, 280 S. First Street, San Jose, California 95113, Defendant QuinStreet, Inc. ("QuinStreet"), by and through its undersigned counsel, will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff Maxx Lyman's ("Plaintiff") putative class action Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

QuinStreet moves to dismiss Plaintiff's Complaint on the grounds that Plaintiff has not pled that he received calls as a residential telephone subscriber, and thus cannot state a claim under 47 U.S.C. Section 227(c).

This Motion relies on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Proposed Order, and upon the oral argument of counsel made at the hearing, if any, on this Motion.

| | |
|---|---|
| DATED: November 14, 2023 | **KELLEY DRYE & WARREN LLP** |
| | By: */s/ Rebecca B. Durrant* |
| | Rebecca B. Durrant (SBN: 350444) |
| | 888 Prospect Street, Suite 200 |
| | La Jolla, CA 92037 |
| | Telephone: (858) 795-0426 |
| | Facsimile:  (212) 808-7897 |
| | rdurrant@kelleydrye.com |
| | |
| | Damon Suden (*pro hac vice*) |
| | James B. Saylor (*pro hac vice*) |
| | Edwin Adlam Herod (*pro hac vice*) |
| | 3 World Trade Center |
| | 175 Greenwich St. |
| | New York, NY 10007 |
| | Telephone: (212) 808-7800 |
| | Facsimile:  (212) 808-7897 |
| | dsuden@kelleydrye.com |
| | jsaylor@kelleydrye.com |
| | therod@kelleydrye.com |
| | |
| | *Counsel for Defendant QuinStreet, Inc.* |

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND .................................................................................................. 1

III.  LEGAL STANDARD............................................................................................ 1

IV.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED ............................................. 2

CONCLUSION.................................................................................................................. 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*1305 Ridgewood, LLC v. Athas Cap. Grp.*,
  No. 21-cv-04647, 2022 WL 4139514 (N.D. Cal. Sep. 12, 2022) .................................................1

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ....................................................................................................................1

*Chennette v. Porch.com, Inc.*,
  50 F.4th 1217 (9th Cir. 2022) ..................................................................................................4, 5

*Cunningham v. Enagic USA, Inc.*,
  No. 3:15-CV-00847, 2017 WL 2719992 (M.D. Tenn. June 23, 2017) .......................................3

*Cunningham v. Politi*,
  No. 4:18-CV-00362, 2019 WL 2519702 (E.D. Tex. Apr. 26, 2019) ...........................................3

*Cunningham v. Spectrum Tax Relief LLC*,
  No. 3:16-CV-02283, 2017 WL 3222559 (M.D. Tenn. July 7, 2017) ..........................................3

*Cunningham v. Sunshine Consulting Grp., LLC*,
  No. 3:16-CV-02921, 2018 WL 3496538 (M.D. Tenn. July 20, 2018) ....................................2, 3

*Facebook, Inc. v. Duguid*,
  141 S. Ct. 1163 (2021) ................................................................................................................4

*Gaker v. Q3M Ins. Sols.*,
  No. 3:22-CV-00296, 2023 WL 2472649 (W.D.N.C. Feb. 8, 2023) ............................................3

*Hamdan v. Rumsfeld*,
  548 U.S. 557 (2006) ....................................................................................................................3

*PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*,
  139 S. Ct. 2051 (2019) ................................................................................................................5

*Russello v. United States*,
  464 U.S. 16 (1983) ......................................................................................................................4

*Shelton v. Fast Advance Funding, LLC*,
  378 F. Supp. 3d 356 (E.D. Pa. 2019) ......................................................................................2, 3

*Sony Corp. of Am. v. Universal City Studios, Inc.*,
  464 U.S. 417 (1984) ....................................................................................................................4

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ....................................................................................................1

*United Farm Workers v. U.S. Dep't of Labor*,
    509 F. Supp. 3d 1225 (E.D. Cal. 2020)..................................................................................5

**Statutes**

47 U.S.C. Section 227................................................................................................... *passim*

**Other Authorities**

47 C.F.R. § 64.1200(c)..............................................................................................................2

88 Fed. Reg. 20800, 20802 (Apr. 7, 2023) ...............................................................................2

2003 FCC Order........................................................................................................................5

Federal Rule of Civil Procedure 12(b)(6) ............................................................................ i, 1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff's complaint under the "Do Not Call" provision of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(c), fails because the relevant statutory provision only applies to "residential telephone subscribers" and not to cell phones, which are covered by other sections of the TCPA.  Thus, the Complaint should be dismissed.

**II.   BACKGROUND**

Plaintiff alleges that he received two phone calls and a text message from insurance.com, placed on behalf of QuinStreet, on August 31, 2023 (the "Calls") on phone number, 617-512-XXXX (the "Phone Number").  (Compl. ¶¶ 12–22.)  Plaintiff incorporates into his Complaint a screenshot from an Apple iPhone which demonstrates that Plaintiff allegedly received the calls and text message via his cellular telephone.  (*Id.*)  Plaintiff claims the Calls violated the "Do Not Call" provision of the TCPA (Section 227(c)).  Parroting the term used in the statutory provision and regulations under which he is attempting to proceed, Plaintiff contends that he uses his cell phone for "residential purposes and . . . for personal purposes."  (*Id.* ¶ 13.)  The Complaint also alleges that "Plaintiff registered his number on the [NDNCR] in 2005."  (*Id.* ¶ 15.)

**III.   LEGAL STANDARD**

To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  A complaint that offers only "labels and conclusions" or a formulaic recitation of the elements of a cause of action does not suffice.  *Id.*  "Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Starr v. Baca*, 652 F.3d 1202, 1220 (9th Cir. 2011).  Nor are thread-bare recitals "entitled to the assumption of truth."  *1305 Ridgewood, LLC v. Athas Cap.*

*Grp.*, No. 21-cv-04647, 2022 WL 4139514, at *2 (N.D. Cal. Sep. 12, 2022) (quoting *Iqbal*, 556 U.S. at 678–79).

### IV. <u>PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED</u>

Plaintiff cannot assert a claim under Section 227(c) of the TCPA because Plaintiff's Phone Number is connected to a cell phone and, therefore, is not a "residential telephone" as required by the statute. (*See* Compl. ¶ 20.) This is fatal to Plaintiff's Complaint. Both the TCPA's text and structure distinguish cell phones from residential phones.

First, Section 227(c) of the TCPA authorizes the FTC to promulgate regulations "to protect **residential telephone** subscribers' privacy rights." 47 U.S.C. § 227(c)(1) (emphasis added); *Cunningham v. Sunshine Consulting Grp., LLC*, No. 3:16-CV-02921, 2018 WL 3496538, at *6 (M.D. Tenn. July 20, 2018) ("the language of the TCPA specifically provides that the regulations implemented pursuant to Subsection 227(c) concern only 'the need to protect residential telephone subscribers' privacy rights.'") (quoting 47 U.S.C. § 227(c)(1)), *report and recommendation adopted*, 2018 WL 5728534 (M.D. Tenn. Aug. 7, 2018). The TCPA further authorizes "the establishment and operation of a single national database to compile a list of telephone numbers of **residential subscribers**" who do not want to be called. 47 U.S.C. § 227(c)(3) (emphasis added). The corresponding federal regulation, 47 C.F.R. § 64.1200(c), provides: "No person or entity shall initiate any telephone solicitation to . . . [a] **residential telephone** subscriber who has registered his or her telephone number on the [NDNCR]." 47 C.F.R. § 64.1200(c)(2) (emphasis added).[1]

"The definition of residential is 'used as a residence or by residents,' and 'resident' is defined as 'living in a place for some length of time,' or 'one who resides in a place.'" *Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356, 362 n.7 (E.D. Pa. 2019) (quoting Merriam-Webster). Thus, "residential telephone" plainly "describes a telephone used by individuals in the home, and not a cellular telephone, which can be used anywhere." *Id.*; *see also* Report &

---

[1] The FCC is seeking to "extend[]" the Do Not Call list provision to text messages—implicitly acknowledging that the DNC provision is enunciated differently and does not inherently include text messages, as other provisions do. *See* 88 Fed. Reg. 20800, 20802 (Apr. 7, 2023).

Recommendation, *Gaker v. Q3M Ins. Sols.*, No. 3:22-CV-00296, 2023 WL 2472649, at *3 (W.D.N.C. Feb. 8, 2023) (finding "[c]ell phones do not present the same concerns as residential telephones" and recommending dismissal of plaintiff's complaint). This distinction has led many courts to conclude that there is no Do Not Call claim for calls placed to cell phones. *See, e.g.*, *Cunningham v. Politi*, No. 4:18-CV-00362, 2019 WL 2519702, at *4 (E.D. Tex. Apr. 26, 2019); *Sunshine Consulting Grp., LLC*, 2018 WL 3496538, at *6 (dismissing the plaintiff's claim under Section 227(c) of the TCPA because "Plaintiff alleges calls only to his cell phone"); *Cunningham v. Spectrum Tax Relief LLC*, No. 3:16-CV-02283, 2017 WL 3222559, at *3 (M.D. Tenn. July 7, 2017) (same); *Cunningham v. Enagic USA, Inc.*, No. 3:15-CV-00847, 2017 WL 2719992, at *6 (M.D. Tenn. June 23, 2017) (same), *report and recommendation adopted sub nom.*, *Cunningham v. Polselli*, 2017 WL 2935784 (M.D. Tenn. July 10, 2017); *see also Shelton*, 378 F. Supp. 3d at 362 n.7 ("[T]his Court questions whether cellular telephone subscribers were intended to be included in the definition of 'residential telephone subscriber,' as drafted by Congress in 1991 and the regulations promulgated by the FCC shortly after.").

Second, with respect to the statute's structure, Congress knows the difference between a "residential telephone" and a "cellular telephone" and only chose to protect "residential telephones" in Section 227(c). Indeed, in the preceding section of the statute, Congress explicitly distinguished between "cellular telephones" and "residential telephones" by providing protections for the former in Section 227(b)(1)(A) and the latter in Section 227(b)(1)(B). Congress chose not to reference "cellular telephones" at all in Section 227(c). *Shelton*, 378 F. Supp. 3d at 362 n.7 ("[T]he TCPA specifically mentions 'cellular telephone service' in § 227(b) and § 64.1200(a)(1)(iii), indicating that both Congress and the FCC were aware of the distinction between a cellular telephone and a residential telephone and purposely protected only 'residential telephone subscribers' under § 227(c), § 64.1200(c) and (d)."); *see also Gaker*, 2023 WL 2472649, at *3 (same). "[A] negative inference may be drawn from the exclusion of language from one statutory provision that is included in other provisions of the same statute." *Hamdan v. Rumsfeld*, 548 U.S. 557, 578 (2006). Thus, the Court should not read into Section 227(c) something that

Congress explicitly chose to exclude—protections for cell phones. *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion").

Third, in the context of the TCPA's enactment, this outcome makes sense. When the Do Not Call provision of the TCPA was enacted in 1991, cell phones were not as ubiquitous as they are now but, as noted above, Congress specifically accounted for cell phones elsewhere in the TCPA—but not in the Do Not Call provision, where it only addressed "residential telephones." Congress may wish to update the law to include cell phones in the Do Not Call provision, but the Court should not distort the plain meaning of the statute to do so. *See Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173 (2021) (holding that although certain autodialer technology described in the TCPA may be "senescent," it was up to the legislature to modernize the TCPA); *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 456 (1984) ("It may well be that Congress will take a fresh look at this new technology, just as it so often has examined other innovations in the past. But it is not [the Court's] job to apply laws that have not yet been written.").

Finally, although other courts have found cell phones do qualify as residential telephones under section 227(c) of the TCPA, the Ninth Circuit has not directly ruled on this issue. In *Chennette v. Porch.com, Inc.*, the Ninth Circuit recently held that mixed-use cell phones, if registered on the NDNCR, are presumptively residential and the presumption can be overcome based on a multi-factor test including how the phone is used and who pays for the service. 50 F.4th 1217, 1223 (9th Cir. 2022). In that case, however, the "defendants conceded that cell phones can be 'residential' for purposes of § 227(c)" and only argued that mixed-use phones do not qualify. *Id.* Thus, the Court did not address the fundamental question of whether cell phones are residential phones; rather, as the Court stated, "[t]he disputed question is whether a cell phone that is used for both business and personal purposes can be a 'residential' phone within the meaning of § 227(c)." Indeed, *Chennette* did not examine the statutory text or structure or address any of the decisions cited above which demonstrate that cell phones are not residential telephones. Rather,

the Panel in *Chennette* merely noted that a 2003 FCC Order stated that "it is more consistent with the overall intent of the TCPA to allow wireless subscribers to benefit from the full range of TCPA protections," and "wireless subscribers often use their wireless phones in the same manner in which they use their residential wireline phones." *Id.* (citing 2003 TCPA Order, 18 FCC Rcd. 14014, 14038 (2003)).  This 2003 FCC Order, however, cannot extend the authority of the FCC beyond the bounds of the TCPA as Congress delineated them. *See United Farm Workers v. U.S. Dep't of Labor*, 509 F. Supp. 3d 1225, 1235 (E.D. Cal. 2020) ("Agencies cannot exceed the scope of their authority as circumscribed by Congress." (quoting *Planned Parenthood of Greater Washington & N. Idaho v. U.S. Dep't of Health & Human Servs*, 9446 F.3d 1100, 1112 (9th Cir. 2020))).  Further, the 2003 FCC Order's interpretative commentary, discussed above, is not binding on this Court. *Cf. PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 2051, 2055–56 (2019).

Thus, this Court should find, in accordance with the statutory text, structure, and Congressional intent, that cell phones do not qualify as residential telephones for purposes of the Do Not Call provision of the TCPA and dismiss the Complaint.

## CONCLUSION

For the reasons set forth above, Defendant QuinStreet, Inc. respectfully requests that the Court dismiss Plaintiff's Class Action Complaint.

| | | |
|---|---|---|
| 1 | DATED: November 14, 2023 | **KELLEY DRYE & WARREN LLP** |
| 2 | | By: */s/ Rebecca B. Durrant* |
| 3 | | Rebecca B. Durrant (SBN: 350444)<br>888 Prospect Street, Suite 200<br>La Jolla, CA 92037 |
| 4 | | Telephone: (858) 795-0426<br>Facsimile:  (212) 808-7897 |
| 5 | | rdurrant@kelleydrye.com |
| 6 | | Damon Suden (*pro hac vice*) |
| 7 | | James B. Saylor (*pro hac vice*)<br>Edwin Adlam Herod (*pro hac vice*)<br>3 World Trade Center |
| 8 | | 175 Greenwich St.<br>New York, NY 10007 |
| 9 | | Telephone: (212) 808-7800<br>Facsimile:  (212) 808-7897 |
| 10 | | dsuden@kelleydrye.com<br>jsaylor@kelleydrye.com |
| 11 | | therod@kelleydrye.com |
| 12 | | *Counsel for Defendant* |
| 13 | | *QuinStreet, Inc.* |

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 14, 2023, I electronically filed the foregoing **MOTION TO DISMISS THE COMPLAINT** with the United States District Court for the Northern District of California by using the CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties.

DATED: November 14, 2023                    Respectfully submitted.

                                By:   */s/ Rebecca B. Durrant*
                                      Rebecca B. Durant