**KELLEY DRYE & WARREN LLP**
Ruth M. Kwon (SBN: 334076)
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 547-4900
Facsimile: (213) 547-4901
rkwon@kelleydrye.com

Damon Suden (*pro hac vice*)
James B. Saylor (*pro hac vice*)
Edwin Adlam Herod (*pro hac vice*)
3 World Trade Center
175 Greenwich St.
New York, NY 10007
Telephone: (212) 808-7800
Facsimile:  (212) 808-7897
dsuden@kelleydrye.com
jsaylor@kelleydrye.com
therod@kelleydrye.com

*Counsel for Defendant
QuinStreet, Inc.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| MAXX LYMAN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>QUINSTREET, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 5:23-CV-5056-PCP<br><br>Assigned to Hon. P. Casey Pitts<br><br>**DEFENDANT QUINSTREET, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Action Filed: Oct. 3, 2023<br><br>Trial Dates: April 7, 2025, April 8, 2025, April 9, 2025, April 11, 2025, and April 14, 2025 |

Defendant QuinStreet, Inc. ("QuinStreet") hereby files its Answer and Affirmative Defenses to the Complaint filed by plaintiff Maxx Lyman ("Plaintiff") and states as follows:

### NATURE OF ACTION

1. QuinStreet denies the allegations in Paragraph 1 of the Complaint.

2. QuinStreet denies the allegations in Paragraph 2 of the Complaint.

### PARTIES

3. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint and, on that basis, denies the allegations in Paragraph 3.

4. QuinStreet admits that it is headquartered in this District.

### JURISDICTION AND VENUE

5. The allegations in Paragraph 5 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, QuinStreet admits that Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq. and denies that the Court has "supplemental jurisdiction over the state law claims" because Plaintiff does not allege any state law claims.

6. QuinStreet admits that the Court has personal jurisdiction over QuinStreet.

7. QuinStreet admits that venue is proper.

### TCPA BACKGROUND

8. The allegations in Paragraph 8 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

9. The allegations in Paragraph 9 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

10. The allegations in Paragraph 10 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, QuinStreet denies those allegations.

## FACTUAL ALLEGATIONS

11. The allegations in Paragraph 11 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, QuinStreet admits that it is a "person" as the term is defined by 47 U.S.C. § 153(39).

12. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, on that basis, denies the allegations in Paragraph 12.

13. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, on that basis, denies the allegations in Paragraph 13.

14. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, on that basis, denies the allegations in Paragraph 14.

15. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and, on that basis, denies the allegations in Paragraph 15.

16. QuinStreet admits that it placed calls and text messages to the 617-512-XXXX telephone number but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, on that basis, denies the allegations in Paragraph 16.

17. QuinStreet admits that it placed calls and text messages to the 617-826-1969 telephone number but otherwise denies the allegations in Paragraph 17 of the Complaint.

18. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, on that basis, denies the allegations in Paragraph 18.

19. QuinStreet denies the allegations in Paragraph 19 of the Complaint.

20. QuinStreet admits that it sent the text message alleged in Paragraph 20 of the Complaint to the 617-512-XXXX number.

21. QuinStreet admits that it assists consumers to find insurance companies offering insurance products. QuinStreet denies the remaining allegations in Paragraph 21.

22. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, on that basis, denies the allegations in Paragraph 22, except QuinStreet admits that it owns and operates the website insurance.com.

23. QuinStreet admits the allegations in Paragraph 23 of the Complaint.

24. QuinStreet admits the allegations in Paragraph 24 of the Complaint.

25. QuinStreet admits the allegations in Paragraph 25 of the Complaint.

26. The allegations in Paragraph 26 of the Complaint state legal conclusions to which no response is necessary. To the extent that a response is required, QuinStreet denies those allegations.

## CLASS ACTION ALLEGATIONS

27. The allegations in Paragraph 27 of the Complaint state legal conclusions to which no response is necessary. To the extent that a response is required, QuinStreet denies those allegations.

28. The allegations in Paragraph 28 of the Complaint state legal conclusions to which no response is necessary. To the extent that a response is required, QuinStreet denies those allegations.

29. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, on that basis, denies the allegations in Paragraph 29.

30. QuinStreet is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and the allegations in Paragraph 30 of the Complaint state legal conclusions to which no response is necessary. On those bases, QuinStreet denies the allegations in Paragraph 30.

31. The allegations in Paragraph 31 of the Complaint state legal conclusions to which no response is necessary. To the extent that a response is required, QuinStreet denies those allegations.

32. The allegations in Paragraph 32 of the Complaint state legal conclusions to which no response is necessary. To the extent that a response is required, QuinStreet denies those allegations.

33. The allegations in Paragraph 33 of the Complaint state legal conclusions to which no response is necessary. To the extent that a response is required, QuinStreet denies those allegations.

34. The allegations in Paragraph 34 of the Complaint state legal conclusions to which no response is necessary. To the extent that a response is required, QuinStreet denies those allegations.

**FOR A FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violation of 47 U.S.C. § 227**
**On Behalf of Plaintiff and the National Do Not Call Registry Class**

35. QuinStreet incorporates its responses to Paragraphs 1–34 as though fully set forth herein.

36. QuinStreet denies the allegations in Paragraph 36 of the Complaint.

37. QuinStreet denies the allegations in Paragraph 37 of the Complaint.

38. QuinStreet denies the allegations in Paragraph 38 of the Complaint.

39. The allegations in Paragraph 39 state legal conclusions to which no response is necessary. To the extent that a response is required, QuinStreet denies those allegations.

**PRAYER FOR RELIEF**

QuinStreet denies that Plaintiff is entitled to any of the relief he seeks in the "PRAYER FOR RELIEF" paragraph of the Complaint, including subparts A–I.

**AFFIRMATIVE AND OTHER DEFENSES**

By way of further response, QuinStreet asserts and alleges the following affirmative and other defenses to Plaintiff's Complaint.

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

QuinStreet had prior express invitation or permission to place any phone calls at-issue, including to Plaintiff and/or the putative class members.

### THIRD DEFENSE

QuinStreet had an established relationship with the recipients of any phone calls, including with Plaintiff and the putative classes and such relationship bars Plaintiff's and the putative class members' claims.

### FOURTH DEFENSE

Plaintiff's individual and class claims against QuinStreet must be dismissed because neither Plaintiff nor the absent classes have suffered an injury-in-fact, and therefore, lack standing to assert or pursue the claims in the Complaint.

### FIFTH DEFENSE

QuinStreet alleges that at all times mentioned in the Complaint, QuinStreet acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, QuinStreet acted in good faith in the honest belief that the acts, conduct and communications, if any, of QuinStreet were justified under the circumstances based on information reasonably available to QuinStreet.

### SIXTH DEFENSE

Plaintiff has failed to join the necessary and indispensable parties in this action.

### SEVENTH DEFENSE

Plaintiff's and the putative class members' claims are barred by the applicable Statute of Limitations.

### EIGHTH DEFENSE

QuinStreet alleges that the award of statutory penalties against QuinStreet would violate the Due Process Clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

### NINTH DEFENSE

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver.

### TENTH DEFENSE

Plaintiff's and the putative class members' claims under the TCPA are unconstitutional.

### ELEVENTH DEFENSE

Plaintiff's and the putative class members' claims against QuinStreet are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses.

### TWELFTH DEFENSE

QuinStreet alleges that by Plaintiff's and the absent class members' conduct, representations, and omissions, upon which QuinStreet detrimentally relied, Plaintiff and absent class members are equitably estopped from asserting any claim for relief against QuinStreet.

### THIRTEENTH DEFENSE

QuinStreet alleges that Plaintiff and/or the putative class members have expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff and/or the putative class members are barred from pursuing claims alleged in the Complaint.

### FOURTEENTH DEFENSE

QuinStreet alleges that Plaintiff and the putative class members are not entitled to any relief because QuinStreet's conduct did not proximately cause any damages, injury or loss to Plaintiff.

### FIFTEENTH DEFENSE

QuinStreet alleges that by conduct, representations, and omissions, Plaintiff and/or putative class members have waived, relinquished, and/or abandoned any claim for relief against QuinStreet respecting the matters that are the subject of the Complaint.

### SIXTEENTH DEFENSE

Plaintiff's and the putative class members' claims against QuinStreet are barred because the phone calls that are the subject of the Complaint constitute commercial speech protected by the

1  First Amendment to the United States Constitution and the imposition of liability on QuinStreet

2  for such phone calls would violate its First Amendment rights.

### SEVENTEENTH DEFENSE

Plaintiff's and the putative class members' claims are barred because QuinStreet did not engage in willful and/or knowing misconduct.

### EIGHTEENTH DEFENSE

On information and belief, Plaintiff engineered a TCPA claim by causing a device or a person to submit authorization to call his phone number under a different name.

### NINETEENTH DEFENSE

QuinStreet is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff and the putative class members would receive more money than they are entitled to receive.

### TWENTIETH DEFENSE

The alleged injuries and/or damages sustained by Plaintiff and the putative class members are the result of conduct of a person or persons over whom QuinStreet exercised no control.

### TWENTY-FIRST DEFENSE

Plaintiff and the putative class members are not entitled to relief under 47 U.S.C. § 227 because QuinStreet did not make any alleged telephone solicitations to them on their residential telephone lines.

### TWENTY-SECOND DEFENSE

QuinStreet is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding QuinStreet's maintenance of procedures reasonably adapted to avoid any such error.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's and the putative class members' claims are barred by *res judicata*.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

QuinStreet states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. QuinStreet

1 reserves the right to assert additional defenses in the event that discovery indicates it would be
2 appropriate.
3    WHEREFORE, QuinStreet prays for judgment as follows:
4    1.    That Plaintiff takes nothing by reason of his Complaint;
5    2.    That judgment be entered against Plaintiff and in favor of QuinStreet;
6    3.    That QuinStreet recovers all expenses, costs, and attorneys' fees in connection with
7 this lawsuit; and
8    4.    That the Court grant QuinStreet such other and further relief as it deems just and
9 proper.

DATED: July 26, 2024                    **KELLEY DRYE & WARREN LLP**

By: */s/ Ruth M. Kwon*
Ruth M. Kwon (SBN: 334076)
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 547-4900
Facsimile: (213) 547-4901
rkwon@kelleydrye.com

Damon Suden (*pro hac vice*)
James B. Saylor (*pro hac vice*)
Edwin Adlam Herod (*pro hac vice*)
3 World Trade Center
175 Greenwich St.
New York, NY 10007
Telephone: (212) 808-7800
Facsimile:  (212) 808-7897
dsuden@kelleydrye.com
jsaylor@kelleydrye.com
therod@kelleydrye.com

*Counsel for Defendant QuinStreet, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2024, I electronically filed the foregoing **DEFENDANT'S ANSWER** with the United States District Court for the Northern District of California by using the CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties.

DATED: July 26, 2024                     Respectfully submitted,

                              By:  */s/ Ruth M. Kwon*
                                   Ruth M. Kwon